# UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RICHARD CHENNISI,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 04-CV-4826 |
| | : | |
| **COMMUNICATIONS** | : | |
| **CONSTRUCTION GROUP, LLC,** | : | |
| | : | |
| and | : | |
| | : | |
| **RONALD TOTTEN,** | : | |
| | : | |
| Defendants. | : | |

## DEFENDANTS' ANSWER
## AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendants, through their attorneys, hereby answer Plaintiff's Complaint as follows:

## INTRODUCTION

Defendants admit that Plaintiff has brought an action purporting to state a claim under the Fair Labor Standards Act. Defendants deny that Plaintiff is entitled to any relief. The remaining allegations in the introductory unnumbered paragraphs of the Complaint are conclusions of law to which no responsive pleading is required.

1. Defendants admit that the last known address for Plaintiff maintained by Communications Construction Group, LLC ("CCG") is as alleged in this paragraph.

2. Defendants admit that the principal place of business of CCG is at the location alleged in this paragraph. The allegation that CCG is an employer as that term is

defined in the FLSA is a conclusion of law to which no responsive pleading is required. The remaining allegations of this paragraph are denied.

3. Defendants admit that Ronald Totten is director of technical operations at CCG. The allegation that Mr. Totten is an employer as that term is defined in the FLSA is a conclusion of law to which no responsive pleading is required.

4. The allegations of this paragraph constitute conclusions of law to which no responsive pleading is required.

## VENUE AND JURISDICTION

5. Denied.

6. The allegations of this paragraph constitute conclusions of law to which no responsive pleading is required.

7. Admitted.

## STATEMENT OF FACTS

8. Defendants admit that CCG is a limited liability corporation. The remaining allegations of this paragraph are denied.

9. Defendants admit that CCG is a provider of engineering, construction, and construction management services largely to the cable television industry. The remaining allegations of this paragraph are denied.

10. Admitted.

11. The allegations of this paragraph constitute conclusions of law to which no responsive pleading is required.

12. Defendants admit that in 2003 Plaintiff claimed he was owed overtime pay from CCG. The remaining allegations of this paragraph are denied.

13. Defendants admit that after Plaintiff claimed he was owed overtime pay, the parties reached the agreement attached to Plaintiff's Complaint as Exhibit A. The allegations pertaining to the terms of that agreement purport to characterize a written document which speaks for itself. The remaining allegations of this paragraph are denied.

14. Denied.

15. Denied.

16. Admitted.

17. Denied.

18. Denied.

19. Denied.

## AFFIRMATIVE DEFENSES

1. Plaintiff's claims for monetary relief are barred in whole or in part due to mitigation of and/or failure to mitigate damages.

2. Defendants at all relevant times made a good faith and reasonable effort to comply with all applicable statutes and laws, and therefore, Plaintiff cannot recover liquidated and/or punitive damages.

3. To the extent Plaintiff is claiming an entitlement to overtime pay, Plaintiff's claims are barred by the applicable statute of limitations.

4. To the extent Plaintiff is claiming an entitlement to overtime pay, Plaintiff's claims are barred by the doctrine of accord and satisfaction.

5. Plaintiff's claims against Defendants are barred by the doctrines of laches and/or estoppel.

6. Plaintiff's claims are barred due to the fact that absent any alleged protected activity, Plaintiff still would have been discharged from employment.

WHEREFORE, Defendants request that the Court dismiss Plaintiff's Complaint and award Defendants their fees and costs and such other relief as the Court deems just and proper.

Respectfully submitted,

Of Counsel:

**MORGAN, LEWIS & BOCKIUS LLP**

Dated:  March 4, 2004

SARAH E. BOUCHARD
SEAN V. BURKE
1701 Market St.
Philadelphia, PA  19103
215.963.5077/5315
eFax:  215.963.5001

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 4, 2004 a true and correct copy of the foregoing answer and affirmative defenses to Plaintiff's Complaint was served, by way of automatic notification using the Court's electronic filing system, on the following person:

>Randall C. Schauer, Esquire
>DILWORTH PAXSON LLP
>3200 Mellon Bank Center
>1735 Market St.
>Philadelphia, PA  19103-7595
>
>Attorney for Plaintiff

_____
SEAN V. BURKE

1-PH/2174863.1